MICHAEL, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority opinion except as it relates to the excessive force claim of fifteen-year-old Onte Taft. As for that claim, I believe there are genuine issues of material fact precluding summary judgment on the police officers’ defense of qualified immunity.
In his affidavit Officer Vines concedes that he knew Onte Taft was not Wooten immediately after Onte exited his mother’s vehicle. Also, the police officers admit that Onte was placed on his knees in the front of a patrol car’s headlights while he was searched and handcuffed. While such conduct likely (and understandably) scared Onte, if this was all that was done, then I would agree that the police officers would be entitled to summary judgment. But this was not all that was done.
In her affidavit Jeanette Taft (Onte’s mother) makes clear that an officer held a shotgun within six to seven inches of Onte’s head while he was searched and handcuffed. At no time did Onte make any threatening movements or gestures, and a second police vehicle separated and protected the officers searching Onte from his mother’s vehicle (the automobile in which Wooten might still be hiding). Officer Vines does not deny these facts.
Moreover, though the police officers’ affidavits share a uniformity in style and substance, there is an important difference. While most of the officers claim they never “point[ed a] gun directly at anybody’s head or press[ed] it against anyone’s person,” Officer Vines’ affidavit states that he “never placed [his] weapon against or near the head of any child or any other occupant of the vehicle.” Officer Vines does not therefore deny that he pointed his shotgun at someone’s head (i.e., he does not deny pointing his shotgun at the head of fifteen-year-old Onte while Onte was on his knees facing the headlights of the patrol car). In addition, Officer Vines admits that he had a shell chambered in his shotgun during this time.
I believe that this evidence raises genuine issues of material fact on whether the police officers’ conduct as it related to Onte Taft was excessive and whether a reasonable police officer should have known that clearly established law prohibited such conduct. See Baker v. Monroe Township, 50 F.3d 1186, 1192-94 (8d Cir.1995) (reversing grant of summary judgment in favor of supervising police officer when warrant did not authorize search and detention of plaintiffs and evidence presented factual issue of whether supervising officer actually knew and acquiesced to other officers handcuffing, detaining, and pointing guns directly at plaintiffs); McDonald v. Haskins, 966 F.2d 292, *685 295 (7th Cir.1992) (defendant police officer not entitled to qualified immunity when officer held gun to minor child’s head and threatened to pull the trigger).
I would therefore reverse the grant of summary judgment as it relates to Onte Taft’s claim of excessive force. I respectfully dissent to that extent.